JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS BORROEL,<br><br>                    Plaintiff,<br><br>       v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>                    Defendants. | Case No. 2:22-cv-02706-FLA (JPRx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DKT. 14]** |

### RULING

Before the court is Plaintiff Juan Carlos Borroel's ("Plaintiff" or "Borroel") Motion to Remand and for Leave to File Second Amended Complaint ("Motion"). Dkt. 14.[1] Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") filed an Opposition. Dkt. 19 ("Opp'n"). Plaintiff filed a Reply. Dkt. 22. On June 10, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for June 17, 2022. Dkt. 24; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

---

[1] Plaintiff's duplicative filing on May 26, 2022, Dkt. 18, is STRICKEN.

For the reasons stated herein, the court GRANTS in PART the Motion, and REMANDS the action to the Los Angeles Superior Court. Plaintiff's request for leave to file a Second Amended Complaint is DENIED as MOOT.

## BACKGROUND

On November 22, 2021, Plaintiff, a California resident, filed his Complaint in the Los Angeles Superior Court against Home Depot and Does 1-100. Dkt. 1-1 ("Compl."). Plaintiff alleges he slipped and fell on black ice in a Home Depot parking lot in Lancaster, California. *See generally id.*

On April 22, 2022, Home Depot removed the action to this court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1 ("NOR"). On April 26, 2022, Plaintiff filed his First Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a), adding a non-diverse defendant and California corporation, PCS Building Maintenance, Inc. ("PCS"). Dkt. 8 ("FAC") ¶ 10. Plaintiff alleges a single cause of negligence based on premises liability against both Home Depot and PCS. *See generally id.*

On May 26, 2022, Plaintiff filed the underlying Motion to file a Second Amended Complaint—adding additional non-diverse defendants and California residents Gabe Garcia, Elizabeth Rodriguez, and Deanna Buhrer—and remand to Los Angeles Superior Court. *See generally* Mot. Plaintiff alleges these three individuals were managers or supervisors at the Home Depot location where he slipped and fell. *Id.* at 6.[2]

## DISCUSSION

**I.    Legal Standard**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

---

[2] The court cites documents by the page numbers added by the CM/ECF system, rather than any page numbers listed within the documents.

2

(quotations omitted). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States."

"Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. Analysis

As stated, Home Depot removed this action invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* NOR. The parties do not dispute that the amount in controversy exceeds $75,000, or that complete diversity existed at the time of removal. Mot. at 8. Similarly, the parties do not dispute that Plaintiff's addition of defendant PCS in the First Amended Complaint destroys diversity.[3] *Id.*; Opp'n at 2.

Home Depot asserts remand should be denied because PCS is an improper defendant named in the First Amended Complaint, and because Plaintiff's proposed Second Amended Complaint attempts to add "sham" defendants constituting fraudulent joinder. *See generally* Opp'n. The court is not persuaded.

Despite generally asserting PCS is an improper defendant, Home Depot does not present any evidence or legal authority. Home Depot states PCS "does not have

---

[3] Plaintiff is a citizen of California. FAC ¶ 3; Mot. at 8. Home Depot is a citizen of Delaware and Georgia. NOR ¶ 6; Mot. at 8; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (For purposes of diversity jurisdiction, "a corporation [is] deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business."). PCS is a citizen of California. Mot. at 8.

any business relationship with Home Depot or the store where plaintiff's incident occurred" and that "plaintiff is likely confusing the relationship with PC Maintenance, LLC." *Id.* at 2, 5-6, 19. The supporting declaration is signed by counsel Tracy Hughes, without any documentation or statement by Home Depot. *Id.* at 19.

Accordingly, the court finds it lacks subject matter jurisdiction over the parties' dispute and the action must be remanded to the Los Angeles Superior Court. The court need not reach Plaintiff's request for leave to file a Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the court GRANTS in PART Plaintiff's Motion, Dkt. 14, and REMANDS the action to the Los Angeles Superior Court, Case Number 21AVCV00979. Plaintiff's request for leave to file a Second Amended Complaint is DENIED as MOOT. Plaintiff's duplicative motion at Dkt. 18 is STRICKEN. The Clerk of the Court shall administratively close the action.

IT IS SO ORDERED.

Dated: March 31, 2023

                                                                          _____
                                                                          FERNANDO L. AENLLE-ROCHA
                                                                          United States District Judge

4